**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4498-16T1

HECTOR REYES,

     Plaintiff-Appellant,

v.

JOHN STANLEY,

     Defendant-Respondent.

_____

> Argued July 17, 2018 – Decided January 18, 2019
>
> Before Judges Ostrer and Vernoia.
>
> On appeal from Superior Court of New Jersey, Law Division, Atlantic County, Docket No. L-0849-15.
>
> Dominic R. DePamphilis argued the cause for appellant (D'Arcy Johnson Day, attorneys; Richard J. Albuquerque and Dominic R. DePamphilis, on the brief).
>
> Edward N. Romanik argued the cause for respondent (Birchmeier & Powell, LLC, attorneys; Edward N. Romanik, on the brief).

The opinion of the court was delivered by

VERNOIA, J.A.D.

In this personal injury action arising out of a motor vehicle accident, plaintiff Hector Reyes appeals from orders barring the testimony of his treating physician, Dr. Richard B. Islinger, and expert witness, Dr. John L. Gaffney, denying his motions for reconsideration of those orders and dismissing the complaint. We affirm.

I.

Plaintiff filed a complaint alleging he suffered personal injuries in an automobile collision caused by defendant John Stanley's negligence. Plaintiff's auto insurance policy contained a limitation on lawsuits under the Automobile Insurance Cost Reduction Act (AICRA), N.J.S.A. 39:6A-1.1 to -35. Plaintiff was therefore required to prove he sustained a permanent injury as defined in N.J.S.A. 39:6A-8(a) to recover noneconomic damages. To satisfy his burden, plaintiff relied on the opinions of his treating orthopaedic physician, Dr. Richard B. Islinger, as explained in his de bene esse deposition, and expert Dr. John L. Gaffney, as set forth in his report.

Defendant filed a motion to bar Dr. Islinger's testimony as to the permanence of plaintiff's alleged injuries, arguing that his opinion constituted an inadmissible net opinion. The court granted the motion finding that Dr.

A-4498-16T1

Islinger's opinion concerning the permanency of plaintiff's injuries was founded exclusively on plaintiff's descriptions of, and complaints about, his pain and not on any objective diagnostic information, "such as MRI or X-ray films." The court determined Dr. Islinger's testimony constituted an inadmissible net opinion as to the permanency of plaintiff's injuries and entered a March 3, 2017 order barring admission of the testimony at trial.

Defendant also moved to bar the testimony of Dr. Gaffney, claiming his opinions concerning the permanency of plaintiff's alleged injuries contained in his report constituted inadmissible net opinions. The court granted defendant's motion, explaining that Dr. Gaffney's opinions as to permanency were based on plaintiff's complaints during the doctor's physical examination and the doctor's review of plaintiff's medical history and records from other medical professionals, including a "CT Scan." The court determined that the report did not show that Dr. Gaffney's opinions were based on "any documented objective tests." Moreover, the court noted two of Dr. Gaffney's opinions as to permanency, which were expressed as a "[thirty-five] percent permanent/partial disability in reference to the left shoulder" and a "[thirty-two-and-one-half] percent permanent/partial disability in reference to the left hip," and found that both were untethered to any explanation as to how they supported a permanency

A-4498-16T1

diagnosis under AICRA. See N.J.S.A. 39:6A-8(a). The court entered an April 13, 2017 order barring Dr. Gaffney's testimony at trial.

Defendant filed a motion for summary judgment dismissing the complaint, arguing plaintiff lacked any competent evidence establishing permanency under N.J.S.A. 39:6A-8(a). Plaintiff filed motions for reconsideration of the orders barring the testimony of Dr. Islinger and Dr. Gaffney. During argument on the motions, the court denied plaintiff's motions for reconsideration. Plaintiff then conceded that without the testimony of Dr. Islinger and Dr. Gaffney, he lacked any evidence establishing permanency. The court entered May 26, 2017 orders denying the reconsideration motions and dismissing the complaint. This appeal followed.

## II.

"The admission or exclusion of expert testimony is committed to the sound discretion of the trial court." Townsend v. Pierre, 221 N.J. 36, 52 (2015). We therefore apply a "deferential approach to a trial court's decision to admit [or preclude] expert testimony, reviewing it against an abuse of discretion standard." Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371 (2011). A trial court's decision to preclude expert testimony is only overturned "when a decision is 'made without a rational explanation, inexplicably departed

from established policies, or rested on an impermissible basis.'" U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467-68 (2012) (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Plaintiff's negligence claim is subject to the "[l]imitation on lawsuit option" under AICRA that allows maintenance of an action for noneconomic losses only if he "sustained a bodily injury which results in death; dismemberment; significant disfigurement or significant scarring; displaced fractures; loss of a fetus; or a permanent injury within a reasonable degree of medical probability, other than scarring or disfigurement." N.J.S.A. 39:6A-8(a). Here, plaintiff sought to vault the statutory threshold by establishing he suffered a permanent injury, and was required to prove the injured "body part or organ, or both, has not healed to function normally and will not heal to function normally with further medical treatment." Ibid.

Proof of a permanent injury cannot be based solely on an injured party's subjective complaints. Ibid.; see also Davidson v. Slater, 189 N.J. 166, 181 (2007). Permanency of the claimed injury must be certified, under penalty of perjury, by a licensed physician whose "opinion must be based on 'objective clinical evidence' derived from accepted diagnostic tests and cannot be 'dependent entirely upon subjective patient response.'" Davidson, 189 N.J. at

181 (quoting N.J.S.A. 39:6A-8(a)); see also Agha v. Feiner, 198 N.J. 50, 60-61 (2009); N.J.S.A. 39:6A-4.7; N.J.A.C. 11:3-4.5.

The requirement that alleged permanent injuries must be verified by valid, objective diagnostic procedures was "intended to ensure that only honest and reliable medical evidence and testing procedures would be introduced to prove that an injury meets the threshold." DiProspero v. Penn, 183 N.J. 477, 489 (2005); see also Davidson, 189 N.J. at 189. Although subjective complaints of pain may suffice if "verified by physical examination and observation . . . [of] objectively demonstrable conditions such as 'swelling, discoloration, and spasm,' . . . a physician's 'observations' of a patient's subjective responses [cannot be transmuted] into objective clinical evidence." Agha, 198 N.J. at 61 n.5 (quoting Oswin v. Shaw, 129 N.J. 290, 320 (1992), superseded by statute, N.J.S.A. 39:6A-8(a), as recognized in DiProspero, 183 N.J. at 481). "Thus, subjective tests, such as those that evaluate range of motion, shall not suffice." Id. at 60.

Measured against these standards, we discern no abuse of discretion in the court's order barring Dr. Islinger's testimony concerning permanency. Dr. Islinger's opinion concerning permanency is based solely on plaintiff's

6

subjective complaints. For example, when asked if plaintiff suffered a permanent injury resulting from the accident, Dr. Islinger testified:

> I mean, in my opinion, [plaintiff] still complained of pain and discomfort so I do believe it was a permanent injury. Not unlike, you know, a muscle injury that you can sustain, such as a pulled hamstring, even though you've returned back to normal activities, it can still remain, it still remains painful and uncomfortable.

Dr. Islinger was also asked if he expected plaintiff's "permanent injuries . . . to heal or get better on their own." His response and opinion were again based exclusively on plaintiff's subjective complaints:

> I mean, I would say anything is possible. But when I last saw [plaintiff], it was two years after the injury. [Plaintiff] was still complaining of similar, although like we said less significant symptoms [than] he did on the first, first visit. So, in my opinion, after two years, if it's not resolved completely, it's probably not going to go away.

Most simply stated, Dr. Islinger's testimony was not based on any objective clinical evidence obtained from accepted diagnostic tests, and thus is inadmissible as evidence establishing permanency under AICRA. See Davidson, 189 N.J. at 181. The court did not abuse its discretion by barring the testimony at trial.

We reject plaintiff's contention that Dr. Islinger should have been permitted to testify concerning permanency because he was plaintiff's treating

7

physician. Dr. Islinger could properly testify as plaintiff's treating physician concerning issues related to plaintiff's diagnosis and treatment without being qualified as an expert. See, e.g., Delvecchio v. Twp. of Bridgewater, 224 N.J. 559, 577 (2016) (explaining that a treating physician may testify concerning the cause of a patient's injury or illness even though not otherwise qualified as a witness). But Dr. Islinger's testimony was not barred because he lacked the qualifications necessary to offer an opinion concerning permanency or due to a failure to designate or qualify him as an expert witness. His testimony was barred, and properly so, because his opinion concerning permanency was not based on objective clinical evidence as required under N.J.S.A. 39:6A-8(a).

We next consider plaintiff's argument that the court erred by barring Dr. Gaffney's testimony concerning the permanency of plaintiff's alleged injuries. Dr. Gaffney's report included three separate opinions concerning the permanency of injuries plaintiff allegedly suffered from the accident. He opined that plaintiff suffered: (1) a "[thirty-five] percent permanent/partial disability . . . to the left shoulder:" (2) a "[thirty-two-and-one-half] percent permanent/partial disability to . . . the left hip;" and (3) a "[forty-seven-and-one-half] percent permanent/partial disability . . . to the cervical spine." The court

A-4498-16T1

determined Dr. Gaffney could not properly testify as to his permanency determinations because his opinions constituted inadmissible net opinions.

The net opinion rule bars admission of "an opinion lacking in . . . foundation and consisting of bare conclusions unsupported by factual evidence." Rosenberg v. Tavorath, 352 N.J. Super. 385, 401 (App. Div. 2002) (citations omitted). Rule 703 requires that an expert's opinion be based on "facts, data, or another expert's opinion, either perceived by or made known to the expert, at or before trial." Ibid.; see N.J.R.E. 703. An expert must provide "the why and wherefore" of an opinion rather than solely issuing conclusions. Rosenberg, 352 N.J. Super. at 401 (quoting Jimenez v. GNOC, Corp., 286 N.J. Super. 533, 540 (App. Div. 1996)). "The net opinion rule . . . mandates that experts 'be able to identify the factual bases for their conclusions, [and] explain their methodology.'" Townsend, 221 N.J. at 55 (quoting Landrigan v. Celotex Corp., 127 N.J. 404, 417 (1992)). Importantly, the reliability of the factual bases and the methodology must also be demonstrated. Ibid.

Dr. Gaffney's report includes a description of the findings he made based on his examination of plaintiff, a list of the records[1] he reviewed and conclusory

---

[1] Dr. Gaffney's report refers to his review of a report of a CT Scan. Because he did not explain the why and wherefore supporting his opinion plaintiff suffered

assertions that plaintiff suffered three "permanent/partial disabilit[ies]," but he fails to describe or explain the why or wherefore for his opinions. His report is bereft of any explanation concerning the methodology he used to determine that the information he gleaned from his physical examination and review of the records supports his conclusion that plaintiff's alleged injuries constitute "permanent/partial disabilit[ies]." See ibid. The report's failure to offer any explanation for his conclusion that plaintiff's alleged injuries are permanent, other than Dr. Gaffney's declaration that they were, rendered the opinions expressed in the reports inadmissible net opinions. See, e.g., Riley v. Keenan, 406 N.J. Super. 281, 295-96 (App. Div. 2009) (finding expert testimony may not be based on "standards personal to" the witness). We therefore affirm the

_____

three injuries that resulted in different percentages of "partial/permanent disability," it is not possible to determine if his opinion was based in whole or in part on the CT Scan report. Although not necessary to our determination that Dr. Gaffney's report otherwise contained inadmissible net opinions, he could not properly testify in reliance on the CT Scan report because he did not actually review the CT Scan. See Brun v. Cardoso, 390 N.J. Super. 409, 421 (App. Div. 2006) (noting that "on objection, interpretation of an MRI may be made only by a physician qualified to read such films, and that the MRI report could not be bootstrapped into evidence through [the treating physician's] testimony"); accord Agha, 198 N.J. at 62-65. Moreover, Dr. Gaffney's opinions are otherwise not "derived from accepted diagnostic tests" and are founded on range-of-motion measurements that alone do not establish permanency under N.J.S.A. 39:6A-8(a). Agha, 198 N.J. at 60 (quoting Davidson, 189 N.J. at 181).

court's order barring Dr. Gaffney's testimony based on the opinions expressed in his report.

Because we conclude the court did not abuse its discretion in barring Dr. Gaffney's testimony as an inadmissible net opinion, we agree with the motion court it is unnecessary to determine if Dr. Gaffney's testimony is also inadmissible because he offered his opinions under the standard for permanency under our Workers' Compensation Act, N.J.S.A. 34:15-1 to 15-128, and more particularly N.J.S.A. 34:15-36, rather than under AICRA, N.J.S.A. 39:6A-8(a). See generally Colon v. Coordinated Transp., 141 N.J. 1, 11 (1995) ("find[ing] it unwise to tack on to workers' compensation law [the] interpretation of statutory requirements governing automobile insurance law" under AICRA); Rakip v. Madison Ave. Food Town, 272 N.J. Super. 590, 596 (App. Div. 1994) (suggesting, but not deciding, that a finding of a permanent partial disability under the Workers' Compensation Act does not equate to a finding the plaintiff suffered a permanent injury satisfying the N.J.S.A. 39:6A-8(a) threshold).

We affirm the court's dismissal of the complaint because plaintiff presented no competent evidence proving he suffered a permanent injury under N.J.S.A. 39:6A-8(a). Plaintiff's claim the court erred by denying his motions

11

for reconsideration are without sufficient merit to warrant a discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4498-16T1